IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| ONEBEACON INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>v.<br><br>KIMBERLY MILBOURNE and CHARLES TAYLOR,<br><br>               Defendants. | CIVIL ACTION FILE<br>NO.  1:04-cv-3596-WSD |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Contempt, Motion to Strike and Enter Default Against Defendant Kimberly Milbourne and Judgment Against Defendants Milbourne and Taylor ("Motion for Contempt") [28].[1]

**I.     BACKGROUND**

Plaintiff OneBeacon Insurance Company filed its Complaint on December 10, 2004 [1], asserting claims against Defendants Kimberly Milbourne and Charles Taylor based on their alleged violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962 et seq.,

---

[1] Plaintiff's Motion for Contempt [28] and Brief in Support thereof [26] were inadvertently docketed as two separate "motions."

and its Georgia equivalent, O.C.G.A. §§ 16-14-1, et seq., as well as claims under Georgia common law for civil conspiracy, fraud and breach of fiduciary duty. Defendant Milbourne filed her Answer on December 27, 2004 [3]. Defendant Taylor was properly served on April 11, 2005, but failed to respond to the Complaint [9]. The Clerk of Court entered a default against Defendant Taylor on June 6, 2005.

On June 17, 2005, Plaintiff moved the Court to compel Defendant Milbourne to participate in discovery, alleging that she had refused to respond to Plaintiff's First Set of Interrogatories, First Request for Production of Documents and First Request for Admission, and had failed to appear for her properly noticed deposition [21]. On July 1, 2005, following a status conference with the parties, the Court granted Plaintiff's Motion to Compel [24]. The Court ordered that Defendant Milbourne respond, on or before July 22, 2005, to Plaintiff's written discovery requests. Defendant Milbourne also was ordered to appear to be deposed on or before July 22, 2005.

On July 25, 2005, Plaintiff filed its Motion for Contempt [26]. Plaintiff advises that Defendant Milbourne failed to respond to its discovery requests as ordered and failed to appear for her deposition, which was scheduled for July 22,

2005. In view of Defendant Milbourne's violation of the Court's July 1, 2005 Order, Plaintiff requested that sanctions be imposed, including the striking of Defendant Milbourne's Answer and the entry of default and default judgment against her for trebled actual damages in the amount of $463,526.07, pursuant to the federal and Georgia RICO statutes, and O.C.G.A. §§ 16-14-1 through 15, and attorneys' fees in the amount of $35,586.68, for a total default judgment of $499,122.75. Plaintiff also requests that the Court enter a default judgment against Defendant Taylor as jointly and severally liable for this same amount.

Defendants Milbourne and Taylor did not respond to Plaintiff's Motion for Contempt. On August 9, 2005, the Court scheduled a hearing on Plaintiff's motion [30]. In its scheduling Order, the Court directed Defendant Milbourne to appear for the hearing and show cause why she is not in violation of the Court's July 1, 2005 Order compelling discovery and why she should not be sanctioned for the alleged violation of the Order. Defendant Milbourne was expressly advised that failure to appear for the hearing may result in the entry of judgment against her in the amounts requested by Plaintiff. The Court further advised that it would hear evidence concerning Plaintiff's damages so that judgment may be entered against Defendant Taylor pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

The hearing took place on August 19, 2005 [31]. At the hearing, Plaintiff presented witness and affidavit testimony and documents supporting its requested damages. Plaintiff also submitted, with leave of the Court, additional briefing concerning its request for treble damages and attorneys' fees under the federal and Georgia RICO Acts. Defendants Milbourne and Taylor did not appear for the hearing and did not otherwise respond to Plaintiff's Motion for Contempt and for Default Judgment, the Court's August 9, 2005 Order, or Plaintiff's supplemental authority regarding damages.

## II.  DISCUSSION

### A.  Plaintiff's Request for Default Judgment Against Defendant Taylor

Plaintiff moves the Court to enter default judgment against Defendant Taylor in the amount of $499,122.75. As set out in more detail above, Defendant Taylor was properly served with process in this case, but has failed to respond to the Complaint or to appear to oppose the entry of a default judgment against him.

Rule 55 of the Federal Rules of Civil Procedure vests the Court with discretion to determine whether default judgment should be entered. See Fed. R. Civ. P. 55(b)(2). In exercising its discretion, the Court reviews a variety of criteria, including whether or not the Court has subject matter jurisdiction over the case and

personal jurisdiction over the parties, and whether the allegations of the complaint state a cause of action.  See, e.g., Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp., 115 F.3d 767, 772 (10th Cir. 1997) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.  In reviewing its personal jurisdiction, the court . . . exercises its responsibility to determine that it has the power to enter the default judgment.") (quoting Williams v. Life Sav. & Loan, 802 F.2d 1200, 1202-03 (10th Cir. 1986)); Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988) ("In considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations of the plaintiff's complaint.").  A default constitutes admission of all well-pleaded factual allegations contained in the complaint, with the exception of issues relating to damages.  Greyhound Exhibit Group, Inc. v. ELUL Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  After reviewing the Complaint and the other matters of record in this case, the Court finds it has subject matter jurisdiction over Plaintiff's claims and personal jurisdiction over Defendant Taylor.

     The Court also finds Plaintiff has stated a cause of action against Defendant

Taylor for violation of the federal and Georgia RICO statutes.  Plaintiff alleges that Defendant Milbourne, a resident of Georgia, was employed as a claims adjuster for a company administering workers' compensation claims on behalf of Plaintiff and that she was authorized to issue checks in connection with otherwise legitimate workers' compensation claims that were filed.  Plaintiff contends that Defendants Milbourne and Taylor engaged in an insurance fraud scheme whereby Defendant Milbourne issued payments from Plaintiff to Defendant Taylor as compensation for medical services allegedly provided in connection with  workers' compensation claims.  While the paper work for and processing of these payments to Defendant Taylor were made to appear regular and legitimate, they were not.  The claims-related documentation for these services was, in fact,  fabricated by Defendant Milbourne.  Defendant Taylor is not a licensed medical professional, did not perform the medical services in question and was not entitled to the payments tendered by Plaintiff.  Plaintiff alleges that Defendants used the United States mails in furtherance of their scheme, and that the claims which formed the platform for Defendants' insurance fraud scheme generated hundreds of mailings.  Finally, Plaintiff alleges that through Defendants' pattern of insurance fraud and racketeering activity, including mail fraud, Plaintiff was defrauded of funds in

excess of $150,000.  The allegations of the Complaint are legally sufficient to entitled Plaintiff to recovery against Defendant Taylor under the federal and Georgia RICO statutes.

Having determined that default judgment is appropriate, the Court must determine the damages to be awarded:

> Generally, damages may be awarded without a hearing if they are for a liquidated amount.  However, a plaintiff must also establish that the amount is reasonable under the circumstances.  For damages, the Court can take evidence when necessary, or compute them from the facts of record.

Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353 (S.D. Ga. 2004); see also Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266-67 (11th Cir. 2003).

Plaintiff asserts that it suffered $154,508.69 in actual damages proximately caused by Defendants' conduct, and requests that, pursuant to the federal and Georgia RICO statutes, the Court award treble damages in the amount of $463,526.07, plus reasonable attorneys' fees in the amount of $35,586.68.  See 18 U.S.C. § 1964(c) ("Any person injured in his business or property by reason of a violation of section 1962 of [the federal RICO Act] may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of

the suit, including a reasonable attorney's fee . . . ." ); O.C.G.A. § 16-14-6(c) ("Any person who is injured by reason of any violation of [the Georgia RICO Act] shall have a cause of action for three times the actual damages sustained and, where appropriate, punitive damages. Such person shall also recover attorneys' fees in the trial and appellate courts and costs of investigation and litigation reasonably incurred."). To support its damage claim, Plaintiff relies on (i) the Complaint and the supporting documents attached to it, (ii) the evidence presented at the August 19, 2005 hearing, including the testimony of Peter Vitale ("Vitale"), the director of insurance fraud investigations for Plaintiff, and (iii) the affidavits of counsel for Plaintiff regarding the attorneys' fees incurred in prosecuting this action. Having reviewed this evidence, as well as the memorandum of law submitted by Plaintiff on September 7, 2005, the Court finds the damages and attorneys' fees requested by Plaintiff are reasonable and supported by competent evidence. Accordingly, Plaintiff's motion for default judgment with respect to Defendant Taylor is GRANTED.

    B.    <u>Plaintiff's Request for Default Judgment Against Defendant Milbourne</u>

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to appear for her properly noticed deposition, fails to respond to interrogatories or

requests for production or fails to obey an order to provide or permit discovery, the Court may make such orders in regard to the failure as are just, including "[a]n order striking out pleadings or parts thereof . . . or rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C). Plaintiff moves the Court to strike Defendant Milbourne's Answer and enter a judgment by default against her as a sanction for her failure to comply with her discovery obligations and the Court's July 1, 2005 Order. This motion is unopposed. See L.R. 7.1B, N.D. Ga. Nevertheless, the Court must determined whether Defendant Milbourne's conduct warrants the imposition of this sanction.

"[Rule 37] gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders; however, this discretion is guided by judicial interpretation of the rule." Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). The Eleventh Circuit has instructed that "a default judgment sanction requires a willful or bad faith failure to obey a discovery order," and that "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." Id. Finally, "the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure

compliance with the court's orders." Id. (holding that defendants in that case "richly deserved" the sanction of default judgment in light of their willful disregard of the court's discovery orders).

Defendant Milbourne's conduct in this case demonstrates a willful disregard for her obligations as a civil litigant under the Federal Rules of Civil Procedure and the lawful orders of this Court. She failed to respond to Plaintiff's interrogatories and requests for production, and failed to appear for properly noticed depositions, despite the Federal Rules' and the Court's express and unambiguous requirement that she do so. When Plaintiff requested that Defendant Milbourne be held in contempt for willful disobedience of the Court's July 1, 2005 Order, she did not respond. The Court did not grant the motion as unopposed, but provided her with an additional opportunity to show cause why she should not be sanctioned. The Court ordered that Defendant Milbourne appear for the
August 19, 2005 hearing, and expressly advised her that failure to appear for the hearing may result in the entry of a default judgment against her. She failed to appear for the hearing, and has not notified the Court of any reason why she could not attend or otherwise shown cause why she should not be sanctioned in the manner requested. Her disregard for the Court and her responsibilities as a litigant

10

have been complete and purposeful.

The Court is mindful that the sanction requested by Plaintiff is one of the harshest permitted under Rule 37 and is reserved for those litigants whose culpability is high, such as where a party has willfully and wrongfully ignored court orders, intentionally impeded discovery to gain some perceived litigation advantage or otherwise made a conscious decision to obstruct the orderly processing of a case.  In view of Defendant Milbourne's willful disregard for the Federal Rules of Civil Procedure and the authority of this Court, and because it is clear that no lesser sanction will suffice, the Court finds that her conduct satisfies this standard. Accordingly, Plaintiff's motion is GRANTED and, pursuant to Rule 37, the Court will strike Defendant Milbourne's Answer and enter default judgment against her on Plaintiff's claims under the federal and Georgia RICO statutes in the amounts held to be reasonable and supported by competent evidence in Section II(A), supra.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Contempt and Motion to Strike and Enter Default Against Defendant Kimberly Milbourne and Judgment Against Defendants Milbourne and Taylor [28] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to strike Defendant Milbourne's Answer [3] and to enter default against her.

**IT IS FURTHER ORDERED** that, because the Court finds there is no just reason for delay in the entry of judgment, the Clerk is **DIRECTED** to enter default judgment in favor of Plaintiff against Defendants Milbourne and Taylor on its claims under the federal and Georgia RICO statutes.  The judgment shall state that Defendants are liable, jointly and severally, for trebled actual damages in the amount of $463,526.07, and attorneys' fees in the amount of $35,586.68, for a total default judgment of $499,122.75.

**IT IS FURTHER ORDERED** that Plaintiff's remaining state-law claims for civil conspiracy, fraud and breach of fiduciary duty are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 20th day of October, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE